Morris Edelman et al., complainants-respondents,

*v.*

William Lamping et al., defendants-appellants.

[Submitted October term, 1929—Decided February 3d, 1930.]

*Mr. Samuel Rosenfeld,* for the appellants.

*Mr. Aaron Heller,* for the respondents.

The opinion of the court was delivered by

Campbell, J.

On December 26th, 1925, the parties entered into a contract for the exchange of lands.

The proceedings which were the subject of the decree appealed from were for the foreclosure of a mortgage given by the appellants to the respondents as representing the differ-

ence in the exchange value of the properties. The property in question was used as a saloon and hotel. In the contract for sale and exchange there was this provision: "Party of the second part [complainant-mortgagee-vendor] is not responsible for any padlock of the premises." Three days after making the contract for exchange the deeds to effectuate the same were executed and delivered.

The deed delivered to appellant (vendee) was a full covenant warranty deed and the foregoing reservation respecting padlocking proceedings was not inserted. As to why it was omitted the proofs are in conflict. Appellant asserts it was omitted because, after the execution of the contract for exchange, such reservation was objected to and it was agreed by the vendor-respondent that it would not be incorporated in the deed. The appellant urges that its omission from the deed was a mistake and oversight of the scrivener who prepared the deed.

The learned vice-chancellor who heard the matter concluded that this reservation was a collateral undertaking and therefore did not merge in the deed, and accordingly advised the decree appealed from.

With this conclusion we find ourselves unable to agree because, it seems to us, that such reservation would directly contradict and nullify the covenant for quiet possession in the deed.

The fact remains, however, and is undisputed that the padlock proceedings as to the mortgaged premises were either under way at the time the contract of exchange and the deed were executed or were undertaken shortly thereafter and resulted in a decree padlocking the premises shortly after the appellant went into possession thereof. Nevertheless, appellant raised no objection and paid all items of interest upon the mortgage in question, as and when they fell due, until the mortgage, by its terms, matured and the present proceedings in foreclosure were inaugurated. Appellant then asked of the court below what was tantamount to a rescission of his contract. This relief, we think, he is not entitled to have because not made or invoked with the promptness re-

quired. *Reed* v. *Benzine-ated Soap Co., 81 N. J. Eq. 182,* and cases therein cited.

Upon this ground we conclude that the decree below should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 14.

*For reversal*—None.